ENID CONSERVATIVE INV. CO. *et al.* v. PORTER *et al.*

No. 3409.   Opinion Filed December 22, 1914.

Rehearing Denied January 26, 1915.

(145 Pac. 805.)

1. MORTGAGES—Tender—Conditions—Right to Impose. Whilst a tender must not be counted with any other conditions than those which it is a clear legal duty of the mortgagee to fulfill on receiving payment or satisfaction, the party making a tender may require proof of the authority of an agent to collect the debt, and he may demand the production and surrender of the note and mortgage and a release, cancellation, or entry of satisfaction of the mortgage.

2. MORTGAGES—Tender—Attorney's Fees. Where a tender is made, and kept good, of the full amount due upon a promissory note secured by mortgage after the same has become due and payable, and before suit is commenced on said note and to foreclose said mortgage, it is error to render judgment against the person making said tender for any sum in excess of the principal and interest due on said note on the date of such tender, and to tax against such person an attorney's fee provided for by the terms of said mortgage in case the same was foreclosed by suit.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*

*Dan Huett, Judge.*

Action by C. V. Porter and others against the Enid Conservative Investment Company and others. From the judgment, the defendant named and others bring error. Modified and reversed.

*W. J. Otjen,* for plaintiffs in error.

*Garber & Kruse,* for defendant in error Rutland Savings Bank.

*Zinser & Helsell,* for defendant in error Huffman.

*McKeever & Walker,* for defendant in error Porter.

KANE, C. J. This was a suit upon a promissory note and for foreclosure of a mortgage given to secure the payment thereof, commenced by the defendant in error, C. V. Porter, against the plaintiff in error, Enid Conservative Investment Company, and the defendants in error, the Rutland Savings Bank and B. T. Huffman. Upon issue being joined there was a trial before the court, and a judgment rendered in favor of the Rutland Savings Bank against the Enid Conservative Investment Company upon a certain promissory note, and a decree entered declaring a certain mortgage held by the Rutland Savings Bank to be senior to the mortgage held by the plaintiff Porter, who also obtained judgment against the Enid Conservative Investment Company and a foreclosure of his mortgage subject to the prior lien of the Rutland Savings Bank.

Whilst counsel for plaintiff in error raise some technical objections to the relief granted to the plaintiff Porter, the record does not disclose any substantial grounds for disturbing the judgment and decree in his favor. Therefore we will proceed directly to examine the questions at issue between the Enid Conservative

Investment Company and the Rutland Savings Bank. There is no question as to the validity of the promissory note and mortgage of the Rutland Savings Bank, nor that its mortgage constituted a valid lien against the same land covered by the mortgage of the plaintiff Porter, or that it is prior and superior to the Porter mortgage. The point made by the Enid Conservative Investment Company is that, by virtue of a certain tender made by it to the Rutland Savings Bank, the latter company was only entitled to a judgment for the amount due on its note and mortgage at the date of the tender, and it was error for the court to enter judgment against it for the full amount of the note, with interest up to the date of trial, and to allow judgment against it for an attorney's fees for the attorneys of the Rutland Savings Bank, which was provided for in its mortgage. We think these contentions ought to be sustained. The undisputed evidence shows that after the execution of the note and mortgage to the Rutland Savings Bank, the Enid Conservative Investment Company became the owner of the mortgaged premises; that subsequent to the commencement of the Porter suit, the Monarch Loan Company of Wichita, Kan., the agent of the Rutland Savings Bank, suggested by letter to the Enid Conservative Investment Company that it take up the loan of the Rutland Savings Bank, which was past due, and save the accumulation of further interest and the payment of a $200 attorney fee, which was provided for in its mortgage, provided it became necessary to foreclose the same. Subsequent to the receipt of this letter, and in pursuance of the suggestion contained therein, an officer of the Enid Conservative Investment Company held a telephone conversation with the Monarch Loan Company, wherein the Monarch Loan Company told said officer the exact amount due upon the note of the Rutland Savings Bank and agreed to accept a draft for said sum in extinguishment of the note and mortgage of the Rutland Savings Bank and assign the same to a person to be named by the investment company. This conversation was held on the 1st day of

February, 1911, and on the 4th day of said month the Enid Conservative Investment Company forwarded its draft in pursuance of the agreement made by telephone. On the 6th of the same month the Monarch Loan Company directed a letter to the Bank of Enid, the bank through which the draft was drawn, wherein it said:

"About 10 days ago we wrote to the parties in interest, suggesting that they take an assignment of this mortgage, and we heard nothing from them until last week, and then by phone. Our understanding from the phone message was that a draft would come up next morning, and now it is Monday morning. In the meantime, according to the plaintiff's petition asking us to come into court and show our interest, we prepared papers, sent them to our attorneys to do so, and the matter is now wholly in their hands, and we cannot take it out.

"In addition, your instruction to the Fourth National Bank was not to turn this draft over to us until we complied with certain conditions. These certain conditions make it necessary for us to confer with the holder of the mortgage in the East, and it would be eight or ten days before we would hear from them, and our client would be losing the interest on their loan while this correspondence was going on, hence if you have any arrangement to make, confer with Garber & Kruse, our attorneys."

The record shows that the answer and cross-petition of the Rutland Savings Bank were filed in the Porter case on the 8th of February, four days after the draft had been forwarded and several days after it had arrived at Wichita. In our judgment, no legal justification appears for the refusal of the Monarch Loan Company to comply with the terms of the agreement it entered into with the officer of the Enid Conservative Investment Company concerning the tender of the amount due it and the assignment of its claim. The reasons assigned for this refusal in its letter are not tenable. They are:

(1) That "our understanding was that a draft would come up next morning and now it is Monday morning;" and (2) "in

addition, your instruction to the Fourth National Bank was not to turn this draft over to us until we complied with certain conditions. These certain conditions make it necessary for us to confer with the holder of the mortgage in the East, and it would be eight or ten days before we would hear from them, and our client would be losing the interest on their loan while this correspondence was going on. * * *"

In the first place, the Enid Conservative Investment Company, as a matter of right, was entitled to pay off the mortgage of the Rutland Savings Bank at any time after it became due, without any agreement with it or its agent, and they could not refuse payment upon the grounds stated in the letter. And, if an agreement between the parties was necessary, time was not of the essence of the contract disclosed by the evidence, and the Rutland Savings Bank was not justified in refusing payment on the grounds that the draft arrived a day or two later than it understood it was to be forwarded. Moreover, it does not appear what the conditions were which were coupled with the delivery of the draft in the instructions given to the Fourth National Bank of which complaint is made in the letter referred to above. Whilst it is true that a tender must not be coupled with any other conditions than those which it is clearly the legal duty of the mortgagee to fulfill on receiving payment or satisfaction, the party making a tender may require proof of the authority of an agent to collect the debt, and he may demand the production and surrender of the note and mortgage and a release, cancellation, or entry of satisfaction of the mortgage. 27 Cyc. 1407; *Bailey v. Buchannan County*, 115 N. Y. 297, 22 N. E. 155, 6 L. R. A. 562.

In the absence of a showing as to the nature of the exact conditions coupled with the tender in the instant case, it will be presumed that they were such conditions only as it was the clear legal duty of the mortgagee or its agent to fulfill on receiving payment. In such circumstances it was error to enter judgment for any amount in excess of the principal and interest up to the date of the tender and to allow the attorney for the Rutland Sav-

ings Bank a fee of $200 and charge it against the Enid Conservative Investment Company. We have no fault to find with the reasonableness of the attorney fee allowed, but are clearly of the opinion that it was assessed against the wrong party. The record discloses that prior to the time it became necessary for the Rutland Savings Bank to take any action in the suit commenced by Porter, negotiations for the assignment of its claim had been closed, and that its answer and cross-petition were not filed in the cause until some three or four days after the tender had been completed.

As the Enid Conservative Investment Company seems to have kept its tender good, the action of the court below should be modified so that the judgment in favor of the Rutland Savings Bank shall be for the amount of the tender without interest from the date thereof and the judgment for $200 as an attorney's fees assessed against the Enid Conservative Investment Company shall be reversed. The costs in this court, together with all the costs made by it in the court below, shall be taxed against the Rutland Savings Bank; the balance of the costs shall be taxed against the Enid Conservative Investment Company.

All the Justices concur.