## BULLINGTON v. LOWE.

No. 13928—Opinion Filed Nov. 20, 1923.

Rehearing Denied Dec. 26, 1923.

1. Mortgages—Penalty for Failure to Release—Construction of Statute.

Section 7642, Comp. Stat. 1921, is a penal statute and must be strictly construed.

2. Statutes—"Strict Construction."

Strict construction is that which refuses to extend the law by implications or equitable considerations and confines its operations to cases clearly within the letter of the statute, as well as within its spirit or reason.

3. Mortgages—Penalty for Failure to Release—Statute—Strict Construction.

Section 7642, Comp. Stat. 1921, which provides for forfeiture of one per centum of the principal debt per diem for failure to release a mortgage of record, after receiving the request in writing provided by the statute, does not apply to a warranty deed given to secure the payment of money or to a decree foreclosing such warranty deed as a mortgage.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Elmer M. Lowe against A. C. D. Bullington. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. A. Hatch, M. A. Breckenridge, Chas. R. Bostick, and Lee Daniel, for plaintiff in error.

H. B. Martin and R. A. Reynolds, for defendant in error.

Opinion by RAY, C. Elmer M. Lowe recovered judgment against A. C. D. Bullington under section 7642, Comp. Stat. 1921, for failure to release of record a warranty deed executed and delivered to secure the payment of money and for failure to release a judgment for the amount so owing and foreclosure of the warranty deed as a mortgage. Bullington appeals and contends that section 7642 is not applicable to the facts.

The material facts are these: A. C. D. Bullington, holding the real estate here involved under a warranty deed from Elmer M. Howe to secure the payment of money owing from Lowe to Bullington, mortgaged the land to the Deming Investment Company to secure the payment of certain notes in the sum of $5,000, signed by Bullington for the benefit of Lowe. Some time thereafter Bullington commenced suit to quiet his title to the land but failed, and later brought suit against Lowe to recover the money due him from Lowe, and to foreclose the deed as a mortgage. After judgment for the sum due, and foreclosure of the deed as a mortgage, an order of sale was issued, and Bullington bought the land at sheriff's sale, subject to the Deming Investment Company's mortgage of $5,000, and the sale was confirmed. Thereafter, on motion of Lowe, on sufficient showing that he was ready and willing to pay Bullington's judgment and the $5,000 mortgage to the Deming Investment Company, the order confirming the sale, the order of sale, and the sheriff's deed were set aside, apparently by agreement of parties, and the title quieted in Lowe. Peter Adamson, from whom Lowe was borrowing the money, paid into court the amount of Bullington's judgment and gave to O. A. Morton, Lowe's attorney in the case and who was also acting as attorney for Adamson, the money necessary to pay off the Deming mortgage. At the suggestion of the court it was agreed by the attorneys, the parties being present, that Bullington should not release the judgment until he, Bullington, was released from the notes signed by him to the Deming Investment Company for Lowe's benefit. Morton, the attorney for Lowe, undertook with the court to see that payment was made to Deming, and the mortgage released, which he did within a few days. Morton, for some reason not disclosed by the record, was not anxious for Bullington to release the judgment and did not notify him that he had secured and caused to be filed Deming's release of the mortgage. The affairs of the parties stood in that condition when Lowe caused the following notice to be served upon Bullington:

"Notice to Release Mortgage and Satisfy Judgment.

"To, A. C. D. Bullington and

"S. Elizabeth Bullington, his wife:—

"You and each of you are hereby notified and requested to release all mortgages held by you covering the southwest quarter of section 14, township 19 north, range 13 east, Tulsa county, Oklahoma, and to release and satisfy of record the judgment in the district court of Tulsa county in which A. C. D. Bullington was plaintiff and Elmer M. Lowe, defendant, same being case Number 7682, pursuant to order and judgment of said court entered in said cause on July 9th, 1920, which is in part as follows to wit:

" 'It is further ordered, adjudged and decreed that the said plaintiff on receipt of payment of said judgment, costs, interest and attorney's fee, etc., will satisfy said judgment of record and surrender to the said defendant all tax receipts, tax redemption certificates, canceled notes and mortgages and all other muniments of title held by him affecting the title to said land.

"Done in open court this 9th day of July, 1920.

"Owen Owen,
"Judge of the District Court,
"Tulsa County, Okla.' "
"OK'D A. A. Hatch,
"Filed September 21, 1920.

."Elmer M. Lowe tenders herewith the sum of $1.00 to cover the costs of acknowledging and filing said release to said mortgage, and requests that you and each of you comply with the terms of the notice in full immediately.

"Elmer M. Lowe."

About 90 days after service of the notice Lowe commenced this suit and recovered judgment for $5,041 for failure to release the deed and judgment. Defendant filed motion for a new trial within the time allowed by law, and, about 20 days later, filed an amended motion setting up additional grounds.

The defendant in error contends that the latter grounds should not be considered and cites authorities to sustain his contention. We think the grounds set forth in the original motion for new trial sufficient to present the questions to be considered, and, therefore, the question as to whether the additional grounds set forth in the amended motion are here for consideration will not be decided.

Plaintiff in error contends that the mortgage lien merged in the judgment lien and that this is an attempt to recover a penalty under the statute for failure to release a judgment lien which this court has held cannot be done. Bank v. Carr, 72 Oklahoma, 180 Pac. 856. The defendant in error admits that the action would not lie for failure to release a judgment lien, but contends that the deed, being foreclosed as a mortgage, the lien did not merge into the judgment lien, but remains a mortgage lien, and, in support of his contention, cites Muncie National Bank v. Brown (Ind.) 14 N. E. 358; Evansville Light & Gas Company v. State ex rel. Reitz (Ind.) 38 Am. Rep. 129; Ford v. Harrison (Ark.) 86 Am. St. Rep. 192; Rossiter v. Merriman (Kan.) 104 Pac. 858; 19 R. C. L. sec. 354.

The mortgage lien does not merge in the statutory judgment lien to take effect at the time the judgment is entered upon the docket, but, as said in Horr v. Herrington, 22 Okla. 590, 98 Pac. 433:

"The necessary consequence of a decree of foreclosure of mortgaged premises is to merge the interest of the parties to the suit in the decree, and to transfer and vest them in the purchaser at the sale."

Section 7642, Comp. Stat. 1921, under which this judgment was recovered, is as follows:

"If the holder of any mortgage, on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty and be accompanied by the expenses of filing and recording such release."

This is a penal statute and must be strictly construed.

"Strict construction is that which refuses to extend the law by implications or equitable considerations and confines its operations to cases which are clearly within the letter of the statute, as well as within its spirit or reason. It does not mean that words shall be so restricted as not to have their full meaning, but that everything shall be excluded from the operation of statutes so construed which does not clearly come within the meaning of the language used." 25 R. C. L. 1076.

The statute provides for a penalty, or forfeiture, against the holder of any mortgage on real estate for neglect or refusal for ten days to release such mortgage upon request by the mortgagor, his agent, or attorney, when such request is in writing describing the mortgage and premises with reasonable certainty and accompanied by the expenses of filing and recording the release. The penalty is against the "holder of any mortgage" for neglect or refusal "to release such mortgage." The next section, 7643, provides the manner of such release.

It may be done by an entry on the margin of the record, stating that payment of the debt has been made, the date of the entry, and subscribed by the holder of the mortgage, his agent or attorney, to whom the debt was paid; or in a separate instrument duly signed and acknowledged and recorded in the office of the register of deeds. There is no other way provided for the release of a mortgage on real estate. When the holder of a mortgage, after the debt has been paid, receives the notice provided by the statute to release the mortgage, he must, in order to avoid the penalty, release it in one of the two ways provided by section 7643. When it is released by entry on the margin, it is on the margin of the recorded mortgage sought to be released. If released by a separate instrument, it must be filed and recorded in a book proper to be notice to persons examining the record for such release. Would such release so entered be a release of a warranty deed? No one will so contend. If the warranty deed given to secure the payment of money be recorded, together with a defeasance agreement to that effect, it might be contended with some reason that such a release would be effective. But that is not the case here. The record does not show that the defeasance agreement was in writing or recorded. These two sections are a part of the mortgage law of the state and brought forward from the Session Laws of 1897. But defendant in error contends that section 5253 makes a deed given to secure the payment of money a mortgage and brings it within section 7642. Section 5253 reads:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

It is contended that this section brings the warranty deed in this case within the penal statute for the reason that it was in fact foreclosed as a mortgage; that, being executed and delivered to secure the payment of money, it was in effect a mortgage, and, when foreclosed, the judgment of foreclosure was still a mortgage lien and not a judgment lien and, in his brief, defendant in error says:

"A release of the lien under the circumstances in this case would have been effected either by a quitclaim deed from the defendant to the plaintiff, conveying to the plaintiff all the right, title, and interest of the defendant in and to said real estate, the release and satisfaction of the judgment docket in said cause, or by formal release of the mortgage lien describing the warranty deed from the plaintiff to the defendant.

"Either of the foregoing methods would have completely terminated the rights of the defendant in the premises."

Either of the methods of release indicated by defendant in error is not contemplated by the mortgage laws. A quitclaim deed is an instrument of conveyance and not of release. An entry of release entered upon the margin of a recorded warranty deed could not release the land from the conveyance. The release of the judgment is not contemplated by the penal statute as was held in Bank v. Carr, supra,

A warranty deed given to secure the payment of money is in law, as between the parties, deemed a mortgage, and must be foreclosed as such, but, when not accompanied by a defeasance agreement, stands upon the records as a deed, and not as a mortgage, and is not included in the clear language of section 7642. That section does not contemplate the release of mortgage liens, but the release of the recorded mortgage after the lien has been satisfied by payment of the debt for the purpose of removing a cloud from the record title. It applies to mortgages only.

Plaintiff's petition states two additional causes of action for actual damages suffered, numbered 2 and 3, and recovery was had on the first cause of action only. The judgment should be reversed, and the cause remanded, with directions to dismiss the petition as to the first cause of action.

By the Court: It is so ordered.