GRISSOM v. DYE et al.

No. 35055.

Supreme Court of Oklahoma.
Oct. 20, 1953.

Rehearing Denied Dec. 8, 1953.

Application for Leave to File Second Petition for Rehearing Denied April 27, 1954.

Dissenting Opinion Filed April 27, 1954.

Shilling & Shilling, Ardmore, for plaintiff in error.

Champion, Fischl & Champion and Otey, Johnson and Evans, Ardmore, for defendants in error.

PER CURIAM.

V. A. Grissom instituted this action on April 19, 1950, in the District Court of Carter County against Georgie E. Dye, now

Tanner, Walter A. Dye, her former husband, Anita E. Berry, her daughter, and others, alleging that the named defendants on January 17, 1948, executed a promissory note to plaintiff in the principal sum of $9,500, bearing 10 per cent interest from date, payable in 59 monthly installments of $150 each, the monthly payments to be applied first on the interest and then on the principal, and providing for an attorney's fee of ten per cent of the amount due if placed in the hands of an attorney for collection and also providing that failure to pay any two monthly installments when due should at the election of the holder and without notice mature all of said indebtedness; that said note was secured by a real estate mortgage executed by the same parties, copies of the note and mortgage being attached to the petition; that defendants had paid only ten of the monthly installments, the last installment having been paid on November 18, 1948, and that plaintiff now elects to declare all of said note due and payable; that the total amount due at the time of filing suit was $10,089.20, and prayed for judgment for said sum, plus interest at 10 per cent until the note was paid, for attorney fees as provided in the note, and foreclosure of the real estate mortgage.

Defendants Georgie E. Tanner and Anita E. Berry filed separate answers and cross-petitions admitting the execution of the note and mortgage, the payment of ten monthly installments and that no payments had been made since November 18, 1948, and alleging that on February 24, 1949, plaintiff orally informed defendants that he would accept no more installments on the note, that the entire debt was due and payable, and demanded $12,060 in satisfaction of the obligation; that as of that date the principal and interest due on the note was $9,041.16 which sum defendants tendered to plaintiff and he refused to accept; that the difference between the correct amount due and owing at that time and the sum demanded by plaintiff constituted the charging of usurious interest and that defendants were entitled to an offset against plaintiff's claim of double the amount of usurious interest charged by plaintiff, plus attorney fees; that on April 26, 1949, defendants made a written tender to plaintiff in the sum of $9,041.16 together with a demand that plaintiff release the mortgage and enclosing $1 to pay the cost of recording the release as provided by 46 O.S.1951 § 15; that plaintiff refused to release the mortgage and under the provisions of said statute defendants were entitled to recover from plaintiff one per cent per diem of the principal amount of said indebtedness amounting to $32,017.80 and the further sum of $87.72 per day until judgment was rendered; that by reason of the foregoing they were not indebted to plaintiff and prayed that the mortgage be cancelled, their title to the real estate covered by said mortgage be quieted, and that they have judgment for the excess of said sums over the actual amount due on the note and mortgage against plaintiff.

Plaintiff moved to strike these defenses asserted by defendants on the ground that they constituted no defense to his action; this motion was overruled. He then moved for judgment on the pleadings which was also overruled.

Upon the request of defendants and over the objections of plaintiff a jury was impaneled to try the cause. Inasmuch as the execution of the note and mortgage was admitted, defendants proceeded to put on their evidence which was in substantial accord with the allegations of their answers and cross-petitions. Plaintiff then testified that he had not demanded payment of the obligation until he filed this suit; that at a time prior to filing the suit he had refused to accept the actual amount accrued on the note and mortgage because he did not want to accelerate the payment of the obligation at the time; that he had been advised by two law firms that he could refuse payment of the note until it became due by its terms; that he thereafter and before suit was filed had demanded the sum of $12,060 in satisfaction of the indebtedness which sum was materially in excess of the actual amount accrued and owing at the time of his demand, as well known by him; he admitted the two tenders made by defendants and his refusal thereof.

The cause was submitted to the jury upon special interrogatories; by its answers to these interrogatories the jury found that plaintiff had elected to and did declare the entire indebtedness due and payable on February 24, 1949; that after such election plaintiff demanded of defendants $12,060 in satisfaction of said indebtedness; 'that defendants on February 25, 1949, the next day after demand had been made for payment, and again on April 26, 1949, offered to pay the entire amount then owing and unpaid on said indebtedness; that plaintiff refused to accept such payment because he was unwilling to accept in satisfaction of said indebtedness the principal and interest on said loan which had been earned up to the time of such offer; that plaintiff acted in bad faith in refusing the amount tendered him by defendant; that at the time defendants made the tenders they were ready, able, and willing to pay and discharge the indebtedness.

The court adopted all the jury's findings except the finding that plaintiff acted in bad faith. In this connection the court found that plaintiff had acted upon advice of counsel and was not in bad faith in refusing to accept the tender of the amount due and in demanding a bonus for satisfaction of the obligation. Judgment was rendered in favor of plaintiff and against defendants in the sum of $8,000 with interest at 6 per cent from date of judgment, denying attorney's fees to plaintiff but awarding $750 attorney's fees to defendants, and ordering the mortgage foreclosed according to law if the defendants did not satisfy the judgment in six months.

From this judgment plaintiff has appealed and defendants Georgie E. Dye, now Tanner, and Anita E. Berry have cross-appealed.

Plaintiff first contends that the answers and cross-petitions of defendants state no defense to the action of plaintiff and the court should have sustained plaintiff's motion for judgment on the pleadings and rendered judgment accordingly; that defendants did not plead or prove facts sufficient to constitute usury; that the obligation was not usurious in its inception; that plaintiff's demand on February 25, 1949, for $12,060 in satisfaction of the indebtedness, which at that date amounted to $9,041.16 principal and interest, was merely a demand for a bonus in consideration of accelerating the loan before it became due.

Unless so provided in the note an obligor has no right to accelerate the payment of the principal obligation and stop the running of interest without the consent of the holder of the note. The holder of a note may charge a bonus for accelerating the payment thereof but such charge does not constitute usury. Clement Mortgage Co. v. Johnston, 83 Okl. 153, 201 P. 247. Here, however, the jury found and the court adopted its findings, that plaintiff elected to declare the note due and payable on February 24, 1949, a finding which is amply sustained by the evidence. The amount due upon the obligation thereupon became fixed in the sum of the unpaid principal of the obligation together with all earned interest to that date. Tobin v. Holmboe, 172 Okl. 546, 45 P.2d 716. That amount was $9,041.16. Under the facts here as found by the jury, approved by the court and sustained by the evidence defendants formally tendered this sum to plaintiff and thus prevented the running of additional interest and precluded plaintiff from recovering attorney fees in the foreclosure action. Enid Conservative Inv. Co. v. Porter, 45 Okl. 406, 145 P. 805. A demand for a bonus for acceleration is not a charge and defendants made no payments after the demand was made. There was no usury charged.

In their cross-appeal defendants urge that the trial court erred in failing to subject plaintiff to the penalties provided by 46 O.S.1951 § 15, for failure to release a mortgage after demand and that judgment should have been rendered in their favor in the amount of $32,017.80, the amount of penalties accrued under such statute to the date of trial. This statute, being penal in nature, should be strictly construed. Bullington v. Lowe, 94 Okl. 234, 221 P. 502; First Nat. Bank v. Elam, 126 Okl. 93, 258 P. 892. The gist of the action to recover the statutory pen-

alty for refusal to release a mortgage is wilful wrong of the mortgagee without legal justification and a mortgagee refusing to accept payment of the amount secured by the mortgage and release mortgage of record because of belief in good faith that he has a right to require payment of the obligation according to its terms is not subject to the statutory penalty. See American Nat. Bank v. Jorden, 123 Okl. 151, 254 P. 706. There must be a clear showing that the mortgagee was not acting in good faith. First Nat. Bank v. Elam, 126 Okl. 93, 258 P. 892. Under the evidence in this case the court found that plaintiff was not acting in bad faith. This finding is not clearly against the weight of the evidence and will not be disturbed.

The cause is reversed with directions to enter judgment in favor of plaintiff in the sum of $9,041.16, the amount actually accrued at the date of acceleration and demand for payment as found by the jury, adopted by the court, and sustained by the evidence. No attorney fees are to be allowed to any of the parties.

Affirmed as modified.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL and WILLIAMS, concur.

WELCH, J., dissents.

This court acknowledges the services of Attorneys G. C. Spillers, Jr., R. P. Colley and Wm. H. Martin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, Justice (dissenting).

I respectfully dissent, because I am convinced that the record and pleadings and evidence, all as disclosed in the majority opinion, demonstrate that this is a jury case under our Constitution and Statutes, as contended and urged by defendant in error. They urge that the majority opinion in effect denies their right to a jury trial, and I agree with that contention.