2001 OK CIV APP 139

**David Lester ARNOLD and Teresa Arnold, Plaintiffs/Appellees,**

v.

**LEADER FEDERAL BANK FOR SAVINGS f/k/a Leader Savings and Loan Association, Defendant/Appellant.**

**No. 96,091.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 5, 2001.

Modified Dec. 18, 2001.

Steven Heath, Tulsa, OK, for Appellant.

Richard K. Holmes, Tulsa, OD, for Appellees.

**OPINION**

CARL B. JONES, Judge.

¶ 1 Appellees, David Lester Arnold and Teresa Arnold (Arnolds), were the original mortgagors on a Veterans Administration (VA) mortgage on their home. Appellant, Leader Federal Bank for Savings (Leader), was the holder of the mortgage. In December of 1992, the Arnolds conveyed the home to the Lewises, who agreed to pay the sub-

ject mortgage. The Arnolds did not obtain a release from the Veterans Administration prior to the conveyance to the Lewises. The Lewises defaulted and Leader foreclosed on the property. Both the Arnolds and Lewises were named to that lawsuit. On December 17, 1998, the property was sold at a sheriff's sale for $94,000.00, leaving a balance due of $1,135.64. Leader did not seek a deficiency judgment.

¶ 2 In 1999, the Arnolds attempted to obtain a new VA mortgage and discovered they did not qualify because the previous mortgage had not been released. The Arnolds sent a written notice to Leader requesting a Release of Mortgage. Leader never responded. The Arnolds filed this action under 46 O.S.1991 § 15. Leader filed a motion for summary judgment. The Arnolds responded and also filed a motion for summary judgment. The trial court ruled in favor of the Arnolds. Then, the Arnolds filed a motion for summary judgment requesting statutory damages which was granted by the trial court. Leader appeals.

¶ 3 The dispositive issue on appeal is whether the provisions of 46 O.S.1991 § 15 are applicable in this matter. Summary judgment is proper only when the pleadings, affidavits, depositions, or other evidentiary materials establish that there is no genuine issue regarding any material fact, and that the moving party is entitled to judgment as a matter of law. In reviewing, a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in a light most favorable to the party opposing the motion for summary judgment. *Shelley v. Kiwash Electric Coop., Inc.*, 1996 OK 44, 914 P.2d 669, 674.

¶ 4 Title 46 O.S.1991 § 15 provides in pertinent part:

"A. Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage ... If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the

date of the request release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction hereof, ...".

This is a penal statute and must be strictly construed. "Strict construction" requires the reviewing court to decline an expansion of the statute by implications or equitable considerations and confines its utilization to cases clearly within the letter of the statute, as well as within its spirit or reason. *Walker v. Dugger*, 1962 OK 88, 371 P.2d 910, 913.

¶ 5 In *Stovall v. Liberty Plan of America, Inc.*, 1966 OK 83, 414 P.2d 242, 249, the Oklahoma Supreme Court was asked to apply the provisions of § 15. The mortgage in question was allegedly inadequately acknowledged and should not have been filed. The Court held the provisions of § 15 were not triggered because the mortgage was still due and unpaid. The terms of § 15 require "payment" of the debt. In *Continental Gin Co. v. Arnold*, 153 P. 160, 162 (Okla.1915), the Oklahoma Supreme Court defined payment to mean the satisfaction of a debt by money, not by exchange or compromise, or an accord and satisfaction. It is generally understood payment is a discharge of the debt by a compliance with the terms of the obligation, and if the obligation calls for a money discharge, then there cannot be payment except by paying the full amount called for in money, or the representative of money.

¶ 6 Here, it is undisputed the mortgage was not paid in full and certainly not within the terms of the obligation as Leader was required to foreclose and sale the property in an attempt to recoup the money lent. In strictly applying the terms of § 15 and pursuant to the Court's definition of payment, we find the provisions of § 15 were not triggered as the mortgage was not paid in full or within the terms of the obligation. Accord-

ingly, this matter is reversed and remanded for further proceedings consistent with this opinion.

¶ 7 REVERSED AND REMANDED.

ADAMS, P.J., and JOPLIN, J., concur.