2007 OK CIV APP 82

Nat D. RHYNES and Joy A. Rhynes, a/k/a Joy Sanders Rhynes, Plaintiffs/Appellants,

v.

EMC MORTGAGE CORPORATION, Bankers Trust Company of California, NA and United Companies Lending Corporation, Defendants/Appellees.

No. 104,177.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 3, 2007.

**252**

Frank Gregory, Gregory Law Office, Oklahoma City, OK, for Plaintiffs/Appellants.

O. Saul Reid, Lamun Mock Cunnyngham & Davis, Oklahoma City, OK, for Defendants/Appellees.

## OPINION

ADAMS, Judge.

¶1 Nat D. Rhynes and Joy Rhynes (Landowners) seek reversal of a trial court order sustaining a summary judgment motion filed by EMC Mortgage Corporation, Bankers Trust Company of California, NA, and United Companies Lending Corporation (collectively, Defendants) and granting Defendants judgment on Landowners' claim. According to Landowners, Defendants were liable under 46 O.S.2001 § 15,[1] because Defendants

did not timely release liens created by fixture filings after the debt was paid. Because we conclude the liens created by such filings are not within the language of § 15, we affirm.

¶2 In determining whether summary adjudication was appropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm is there is no genuine issue as to any material fact and Defendants were entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Landowners. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.

¶3 It is undisputed that the debts secured by Landowners' 1994 and 1995 mortgages with United Lending were paid in full and both mortgages timely released of record. It is also undisputed that Uniform Commercial Code (UCC) financing statements or "UCC fixture filings" which had also been filed in Logan County, covering two different mobile homes which were affixed to the mortgaged real property, were *not* timely released.

¶4 The sole issue Landowners raise in their appeal is "whether *actual* clouds on real estate titles are addressed by [§ 15]." (Emphasis in original.) Considering the arguments made to the trial court and that the term "cloud" includes several different types of encumbrances, we conclude the dispositive

---

1. Section 15, entitled "Holder must release—Penalty—Mortgagor defined," provides:

A. Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage.

If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that, the total penalty shall not exceed one hundred percent (100%) of the total principal debt.

issue here is whether the statutory penalty provided by § 15 may be imposed against a creditor for failure to timely release a UCC fixture filing.

¶ 5 Oklahoma courts have long held that § 15 is a penal statute and that it must be strictly construed, which as applied to § 15, means refusing to extend the law by implication or equitable considerations and confining its operations to cases clearly within the letter of the statute, as well as within its spirit or reason. *Walker v. Duncan,* 1970 OK 86, 469 P.2d 647; *Walker v. Dugger,* 1962 OK 88, 371 P.2d 910; *Bullington v. Lowe,* 1923 OK 978, 221 P. 502; *Arnold v. Leader Federal Bank for Savings,* 2001 OK CIV APP 139, 37 P.3d 960. The remedy and measure of damages provided by § 15 for failing to release a mortgage is exclusive. *Pittsburg Mortgage Investment Company v. Cook,* 1931 OK 447, 1 P.2d 665.

¶ 6 Landowners do not argue § 15 is ambiguous or explain why we should extend § 15 to any document other than the one to which it expressly refers-"mortgage on real estate." They concede § 15 does not mention or refer to UCC fixture filings, but contend that does not matter because "the Legislature clearly intended the statute to apply in this very situation," *i.e.,* "when a mortgage company ... failed to release a 'cloud' or 'encumbrance,' even though the underlying debt had been paid."

¶ 7 However, their argument ignores the requirement of strict construction of § 15, which the Court followed when deciding § 15's predecessor did not apply to a warranty deed given as security for payment of a debt although by law it is deemed to be a mortgage, because a deed lacks a defeasance agreement, does not stand on the record as a mortgage, and is

> *not* included in the clear language of section 7642 [§ 15's predecessor]. That section does not contemplate the release of mortgage liens, but the release of the recorded mortgage after the lien has been satisfied by payment of the debt for the purpose of removing a cloud from the record title. *It applies to mortgages only.* (Emphasis added.)

*Bullington v. Lowe,* 1923 OK 978, ¶ 7, 221 P. 502, 503.

¶ 8 Landowners do not dispute, disagree or in any way raise error with the trial court's finding that the relevant instruments of record are valid UCC fixture filings. As such, our position that § 15's penalty for failure to release a mortgage does not apply to the UCC fixture filings is further supported by the Legislature's treatment of mortgages and fixture filings as different instruments. *See* 12A O.S.2001 § 1–9–502 and § 1–9–515.

¶ 9 The trial court correctly concluded from the undisputed facts that § 15 does not apply to the UCC fixtures filings. The trial court's judgment is affirmed.

AFFIRMED

JOPLIN, P.J., and MITCHELL, V.C.J., concur.