The TEXAS AND PACIFIC RAILWAY
COMPANY, Plaintiff in Error,

v.

ELMAR TANK LINE COMPANY,
Defendant in Error.

No. 39464.

Supreme Court of Oklahoma.

Feb. 20, 1962.

As Amended May 29, 1962.

Rehearing Denied May 29, 1962.

Milton W. Hardy, Tulsa, William C. Dowdy, Jr., Dallas, Tex., Gen. Atty. for Texas & Pacific Railway Co., for plaintiff in error.

Max G. Cohen, Tulsa, for defendant in error.

BERRY, Justice.

The parties who appear here in the same relative position as in the trial court, will be referred to as they appeared in said court.

In its petition which was filed December 31, 1956, plaintiff alleged in substance that over a period beginning December 31, 1946, and ending June 30, 1955, it transported defendant's tank cars over plaintiff's railway; that under applicable tariffs plaintiff was bound to pay defendant for each mile that the cars were transported whether loaded or empty; that if the miles that plaintiff transported the cars while empty (hereafter referred to as "empty miles") exceeded the miles that same were transported while loaded (hereafter referred to as "loaded miles"), defendant, under applicable tariffs, was bound to pay plaintiff for the excess of empty miles over loaded miles; that for a period ending December 31, 1951, which is the only period in controversy, empty miles exceeded loaded miles by 3037 miles; that in connection with such mileage defendant was indebted to plaintiff in the amount of $762.02; that for a period ending June 30, 1955, empty miles exceeded loaded miles by 1,111 miles; that in connection with such mileage defendant was indebted to plaintiff in the amount of $230.73. Defendant does not

here dispute the last-mentioned indebtedness.

Plaintiff prayed for judgment in the aggregate amount of $1,013.71, together with interest.

In an amendment to the petition, plaintiff alleged that on December 3, 1944, defendant executed an agreement by which it adopted and agreed to be bound by the code of rules governing "the condition of, repairs to and settlements of freight cars for the interchange of traffic, as formulated and promulgated by" the Master Car Builders' Association and the Association of American Railroads.

In its amended answer to plaintiff's petition and amendment thereto, defendant denied generally the allegations of the petition and pleaded further that plaintiff's action was barred by the limitation periods provided in 49 U.S.C.A. § 16(3) (a) and 12 O.S.1951 § 95, paragraph "Second".

In its reply to the amended answer, plaintiff alleged that defendant leased its cars to shippers; that defendant's records would not reflect the ratio of empty miles to loaded miles; that this information could only be supplied by plaintiff or defendant's lessees; that upon and following plaintiff's prompt assertion of the claim in controversy, defendant's president urged plaintiff to forego litigation until such time as defendant had gathered pertinent data from its lessees; that for said reason plaintiff postponed filing the instant action; that defendant is estopped and barred from asserting limitations as a defense; that plaintiff was entitled to an accounting.

Upon the case being called for trial, the attorneys for the respective parties made opening statements.

Counsel for plaintiff stated in part that plaintiff promptly remitted to defendant the agreed charge for each mile that plaintiff transported defendant's cars, whether empty or loaded; that plaintiff, semi-annually, submitted to defendant a statement showing empty miles and loaded miles; that if empty miles exceeded loaded miles, de-

fendant was obliged to remit to plaintiff the charge made for such excessive mileage (a statement attached to plaintiff's petition covering the period beginning December 31, 1946, and ending December 31, 1951, shows a balance of loaded miles over empty miles as of June 30, 1950, to be 848; that empty miles in excess of loaded miles accrued between the last-mentioned date and December 31, 1951); that plaintiff prevailed upon defendant to pay the amount owing for the empty miles; that defendant advised plaintiff that its records did not reflect the ratio of empty miles to loaded miles and that it was necessary to contact its shippers (lessees) in order to obtain such information and thus verify plaintiff's claim; that it was seeking to secure such information; that the matter of whether the claim would become barred by Sec. 16 (3) (a), supra, was discussed; that defendant's agents submitted orally and stated in writing that plaintiff's action was not subject to said statute; that for reasons stated plaintiff delayed filing suit on the claim.

Counsel for defendant stated in part that it leased its cars to shippers; that the shippers routed the cars; that defendant was obligated to pay for empty miles in excess of loaded miles; that defendant "looked to the shippers to equalize mileage, but in so many cases they failed to do so, and this is probably one of them"; that the unequalized empty miles for the period in controversy and the charge asserted for said mileage was as stated by plaintiff.

We note that counsel for defendant did not refute counsel, for plaintiff's statement relative to facts which tended to show that if the local statute of limitations and law is applicable, defendant waived the defense of limitations and for said reason is estopped to assert the defense of limitations.

At the conclusion of the opening statements, judgment was rendered in plaintiff's favor for $230.73, together with interest. Plaintiff alone appealed. It follows, that the only claim before us is plaintiff's $762.02 claim.

The record shows that the trial court was of the opinion that the limitation period provided by Federal Statute and law, and not that provided by local statute and law applied; that upon lapse of the period provided in Sec. 16(3) (a) plaintiff's action was extinguished; that defendant could not by action or conduct waive, extend or be estopped to assert the limitation period provided in said section.

The sole issue presented is whether the limitation period provided by Federal Statute or that provided by local statute is applicable. The Federal Statute (Sec. 16(3) (a)) reads as follows:

"All actions at law by carriers subject to this chapter for recovery of their charges or any part thereof, shall be begun within two years from the time the cause of action accrues, and not after."

If the State Statute of Limitations is applicable, defendant could waive or extend the limitation period provided therein (Dickson v. Slater Steel Rig Co. et al., 138 Okl. 238, 280 P. 817), but could not do so if the Federal Statute of Limitations applies. See Midstate Horticultural Co., Inc., v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96, where it was held in an action by a carrier against a shipper that an agreement to waive the limitation period provided in Sec. 16(3) (a) was invalid; that the section operates to extinguish a claim and not to bar the right which is the foundation of the claim.

The parties have not cited nor has our research led us to a case that is in point of fact. This has not led us to conclude that this is in fact a case of first impression. To the contrary, we are of the opinion that the pronouncement in Thompson v. St. Louis-San Francisco Railway Co., (CCA 8th) 218 F.2d 166, cert. denied 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752, is applicable to the issue presented by this case.

In the cited case, a carrier (Katy) upon whose railroad an interstate shipment of crude oil by tank car originated, asserted a claim against another carrier (Missouri Pacific) for a share of the freight paid by the shipper. Suit was not instituted upon the claim within the two-year period provided by Sec. 16(3)(a). For said reason, the defendant contended that Sec. 16(3) (a) served to extinguish the action. In rejecting the contention so made, the court said this:

"But the precise question was considered by the court in Atlantic Coast Line R. Co. v. Baltimore & Ohio R. Co., D.C., 12 F.Supp. 711, loc. cit. 718–719, and we are in accord with the court's declaration in that case that 'these provisions (49 U.S.C.A. Sec. 16(3) (a–c) seem to contemplate actions or complaints between carriers and shippers, and not between carriers only. * * *'"

In view of the fact that defendant was not a shipper (those who used defendant's cars were the shippers), we are of the opinion that the quoted pronouncement is clearly applicable to the issue presented by this appeal. Since no Federal case has been called to our attention, nor have we found one that lays down a rule which conflicts with the rule above quoted, we are disposed to follow and apply said rule herein.

Plaintiff's action was predicated upon a written contract and for said reason the five-year limitation period provided in 12 O.S.1951 § 95, paragraph "First" is applicable.

Defendant states in its brief that "the right of plaintiff to file its cause of action against defendant therein commenced January 1, 1952." Assuming that this statement is correct, the instant case was instituted December 31, 1956, which was within the five-year limitation period provided in the last cited statute. It is, therefore, unnecessary to pass upon the issue of whether defendant by its action and conduct either waived or extended the five-year limitation period.

As heretofore indicated, defendant does not here dispute the $230.73 claim and ad-

mits the $762.02 claim unless same is barred by limitations.

Judgment of the trial court is reversed and said court is directed to enter judgment for plaintiff in the amount of $762.02, together with interest and costs.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.