**WAKEN et al. v. GENSMAN BROS. & CO.**

No. 13799—Opinion Filed Jan. 26, 1926.

**Trial—Demurrer to Evidence — Failure of Proof by Plaintiff.**

Where there is no evidence offered by the plaintiff, upon which a recovery can be predicated, it is error to overrule a demurrer thereto.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Gensman Brothers & Company against Hannah and Sam Waken. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

Ernest F. Smith, for plaintiffs in error.

W. H. Hills, for defendant in error.

Opinion by JARMAN, C. Gensman Brothers & Company, a corporation, brought this action against Hannah Waken and Sam Waken to recover judgment for balance alleged to be due for materials furnished and labor performed in making certain improvement on a building owned by the defendant Hannah Waken, and to foreclose a mechanic's and materialmen's lien in satisfaction thereof. Judgment was for plaintiff, and the defendants bring error.

The petition of the plaintiff alleges that Sam Waken, for himself, and as the agent of his wife, Hannah Waken, entered into an oral contract with the plaintiff whereby the plaintiff was to furnish the material and perform the labor in connecting a lavatory and installing a closet in a certain building belonging to Hannah Waken; and to furnish the material and perform the necessary labor in making connections for a soda fountain which was installed in said building.

At the conclusion of plaintiff's evidence, the defendants demurred thereto, which was overruled by the court, and this constitutes one of the assignments of error of the defendants.

The evidence on the part of the plaintiff discloses that a contract in writing was entered into by Sam Waken with the plaintiff for the installation of the lavatory and closet, and that the contract price therefor had been paid. As to the remainder of the account, the evidence shows that the building was occupied by a tenant by the name of Nick Sarras, who was installing the soda fountain in question and agreed to pay the plaintiff therefor. Mr. Bolen, a plumber employed by the plaintiff, and who made the arrangements for the installation of the soda fountain, gave the following testimony with reference thereto:

"Q. Then did you have a subsequent contract with him (Waken) concerning these other items that were furnished? A. No, sir; there was no contract made on that at that time and no price given."

And said witness testified further:

"Q. In fact, Nick Sarras directed you in putting in the soda fountain, did he not? A. He gave us directions in the installation, to put it where it would be to his advantage. Q. He asked you to do the work also, did he not? A. He asked me several times to put that soda fountain in for him. * * * Q. You said that Sam (referring to Sam Waken) said who would pay for it? A. He said that Nick would pay for the soda fountain work."

Under this evidence offered by the plaintiff, there was no liability by either of the defendants for the material furnished and labor performed by the plaintiff in installing the soda fountain for the tenant, Nick Sarras, and the trial court erred in not sustaining the demurrer of the defendants to the evidence of the plaintiff and rendering judgment for them.

The judgment of the trial court is reversed, and the cause remanded, with directions to dismiss the action as to said defendants.

By the Court: It is so ordered.