## DICKSON v. SLATER STEEL RIG. CO. et al.

No. 18742.   Opinion Filed Sept. 24, 1929.

Chas. R. Nesbitt and Disney, Wheeler & Alcorn, for plaintiff in error.

Philip Kates, for defendants in error.

HEFNER, J.   H. L. Dickson, the plaintiff in error, as plaintiff below, brought this suit against the Slater Steel Rig Company, and the other defendants herein, for commissions due for services performed by him as a salesman for said Slater Steel Rig Company. The trial court sustained a demurrer to the original petition, whereupon the plaintiff filed an amended petition, and the trial court sustained a demurrer thereto. The case is brought here to review the action of the trial court in sustaining the demurrer.

When the demurrer was directed at the amended petition, all the allegations in the petition were admitted as true. The demurrer was sustained on the theory that the action was barred by the three-year statute of limitations. (Section 185, subd. 2, C. O. S. 1921.)

The services were performed by the plaintiff during the months of January, February, March, and April of the year 1923, as is shown

by the following allegations in the amended petition:

"That this plaintiff was, during the months of January, February, March, and April, of the year 1923, engaged in a joint business relation with the said defendant hereinabove named, said Slater Steel Rig Company; by the terms and provisions of which relationship said defendant company furnished the materials and supplies, and this plaintiff performed certain services as a salesman for said defendant company, and that as compensation to this plaintiff for his said services as a salesman, said company agreed and contracted to pay plaintiff, aside from an agreed salary, a commission upon all sales made by plaintiff of 5 per cent.; and that said occupation of the sale of the products of said defendant company was carried on by this plaintiff and said defendant company to their mutual benefit.

'That this plaintiff, in accordance with his said contract with said defendant company, carried on and conducted the sales of said defendant company's products during the said months hereinabove named, up until the last of April, 1923, at which time the said contract of sales between this plaintiff and said defendant company was by mutual consent discontinued. * * *"

The plaintiff further alleged that during the month of April, 1923, he made a demand upon said defendant company for an accounting of the various claims between them.

The original petition was filed on October 29, 1926, more than three years after the contract was terminated and after the demand by the plaintiff for payment of his claim. The petition shows on its face that the items are barred by the three-year statute unless the statute was tolled by reason of the allegations in plaintiff's petition. This is the only question for our determination.

The plaintiff alleges that at the time he made the demand for an accounting the officers of the Slater Steel Rig Company advised him that at that particular time a merger was being considered by said company with two other companies, and that if any difficulties should arise relating to plaintiff's commissions, or to any other financial troubles of the company, it might interfere with the success of the contemplated merger; that all of said officers requested him to allow the matter of the calculation of his commissions to stand for the time being, and that said officers requested him not to make any demands for any of the commissions due and unpaid, or to take any action to recover same, until after the merger had been completed; that said officers further promised and agreed that the new company, the one formed by the merger, would thereafter immediately take up with plaintiff the matter of the computation of said commissions and arrange for payment of same.

The plaintiff further alleges that the defendant McGraw-Baughman-Bearly Lumber Company, a corporation, was organized about the 1st day of May, 1923, under the laws of the state of Oklahoma, and that said organization was the result of the merger of the defendant company, Slater Steel Rig Company, with the American Lumber Company, and was the merger the plaintiff alleges was to take place, and after the completion of which the officers promised to immediately take up the matter of the adjustment of his claims. Under the allegations of his petition, the merger was consummated about the first day of May, 1923, which is about the day his claims became due. Under these allegations the items could not be barred by the statute of limitations before May 1, 1926.

The plaintiff further alleges that in compliance with the request of said officers he, from the time of the promise,, to wit, April 30, 1923, until December 18, 1923, made no demand for any accounting due him, and that he refrained from making demand for the reason and in sole consideration that he had been requested by the defendant company and its officers that he withhold his demand. He further alleged that on the 18th day of December, 1923, he conferred with F. D. Bearly, then vice president and manager of said defendant company, and that he made demand upon said defendant company for an accounting, and that Bearly at that time, acting for said company, refused to conduct any accounting and refused to make any payment whatever. This demand by the plaintiff and the refusal of the defendant to make any payments occurred on December 18, 1923. Plaintiff's claim was not barred until May 1, 1926.

Plaintiff also alleged that the merger of the companies was completed about the 1st day of May, 1923. He therefore had about three years, or about the full period of the statute, in which to bring his suit, after the merger was completed, and had from the 18th day of December, 1923, until the 1st day of May, 1926, in which to bring his suit after the defendant's definite refusal to make any payment.

The weight of authority seems to support the general rule that a debtor may waive the statute of limitations and estop himself from pleading the same as a defense if the creditor, relying upon the agreement that the statute will not be pleaded, permits the statutory period to expire before suit is brought. The general rule cannot be applied to all cases because the debtor may be estopped from pleading the statute if he

induces the creditor to let the period go by in which suit may be brought and his inducement is of such character as to make it iniquitous to permit the statute to be pleaded as a defense. In the L. R. A., case note to Brown v. Atlantic Coast Line R. R. Co. (N. C.) 60 S. E. 985, 16 L. R. A. (N. S.) 645, there is a discussion of this question. There it is well said:

"* * * The general rule is that a debtor may, by an agreement, either written or oral, waive the statute of limitations, and he will be estopped from pleading the statute as a defense if the creditor, relying upon such agreement, permits the statutory period to expire before bringing suit.

"There is greater difficulty experienced, however, where the acts or words of the debtor do not amount to a full or express agreement. But it appears to be the general rule that a debtor may, although not expressly waiving the statute, be estopped from pleading it as a defense by conduct inducing the creditor to forego his right and delay bringing suit until after the period of limitation. There is some difference of opinion as to just what acts or words, not amounting to an express agreement, will be considered sufficient to estop the debtor, and it would obviously be impossible to formulate a general rule sufficient for every case. A mere request not to sue, however, is generally held insufficient. There must be, in addition to the refuest, something in the nature of consideration for the delay."

We think the above statement announces the correct rule in cases of this character. Let us apply it to the case at bar. In the first place, plaintiff's claim was not due until the 30th day of April, 1923. He alleges that he was requested not to bring the suit until after the merger of the companies. Again, he alleges that the merger was completed about the 1st day of May, 1923, or about the next day after his claim became due. Again, he alleges that on the 18th day of December, 1923, he demanded payment and payment was definitely refused at that time. After the definite refusal he had from the 18th day of December, 1923, until 1st day of May, 1926, in which to bring his suit. He does not bring himself within the rule above announced, and the trial court committed no error in sustaining a demurrer to his amended petition, and its judgment in doing so is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur.