## PITTSBURG MORTGAGE INVESTMENT CO. v. COOK.

No. 20268.   Opinion Filed July 14, 1931.

Robinson & Oden, for plaintiff in error.

T. R. Wise, for defendant in error.

HEFNER, J. This is an action brought by John Cook against the Pittsburg Mortgage Investment Company to recover damages for failure to release a real estate mortgage. The petition pleads two separate causes of action: One to recover damages as provided by section 7642, C. O. S. 1921, and the other to recover common-law damages.

The trial court sustained defendant's demurrer to the petition as to the first cause of action, but overruled it as to the second. The case was tried as to this cause of action to a jury, and resulted in a verdict in favor of plaintiff in the sum of $1,600.

Defendant contends that plaintiff's exclusive measure of damages is fixed by section 7642, supra, and that in addition thereto actual damages cannot be recovered; and

it further contends that plaintiff cannot recover for the reason that he has failed to allege and prove compliance with the statute. The statute provides:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty and be accompanied by the expenses of filing and recording such release."

Plaintiff contends the statute provides for a recovery of a penalty for failure to release, and that actual damages, in addition thereto, may be recovered, and in support of his position relies on cases from North Dakota and Kansas. The cited cases are not controlling, because the statutes of these states specifically provide that, in addition to the damages therein provided, actual damages may be recovered. Van Doren v. Wolf (Kan.) 211 Pac. 144; Swallow v. First State Bank (N. D.) 148 N. W. 630. In Nebraska the rule is that actual damages, in addition to the damages provided by statute, may be recovered unless the statute otherwise provides. William Deering Co. v. Miller (Neb.) 50 N. W. 1056. The Supreme Court of Washington takes the opposite view. Morrill v. Title Guaranty & Surety Co. (Wash.) 162 Pac. 360. It is there said:

"The recovery permitted by the statute, although so denominated, is not strictly a penalty. It is intended as a compensation to the mortgagor, as well as a punishment to the mortgagee. Engle v. Hall, 45 Mich. 59, 7 N. W. 239.

"The effect of the statute is to substitute remedies. It postpones a right of action in the interest of peace. It provides a certain recovery in all cases in lieu of the uncertainties of the common-law action. Our statute does not permit a recovery of 'other damages,' as some do. It fixes the amount of the recovery whether the amount of the mortgage be great or small, whether actual damage be suffered at all, and although the satisfaction is withheld in good faith."

This court disagrees with the Washington court on the question of good faith. In the case of American Nat. Bank of Oklahoma City v. Jorden, 123 Okla. 151, 254 Pac. 706, it is held that in cases of this character good faith constitutes a defense. In the case of Marble Savings Bank v. First State Bank of Vanoss, 128 Okla. 165, 261 Pac. 913, this court, while disagreeing with the

Washington court on the question of good faith, commented favorably upon the rule announced by that court that, in cases of this kind, the measure of damages provided by statute is exclusive. It is there said:

"The instruction, which was objected to by plaintiff in error, given upon the question of damages, was insufficient in that it omitted the question of good faith of the savings bank, and otherwise failed to correctly apprise the jury as to the law in the matter. Section 7642, C. O. S. 1921, provides a remedy and damages for failure to release real estate mortgage, and it is urged by plaintiff in error that such provision is exclusive. We find no holding of this court on the question, but are favorably impressed with the reasoning and holding of the Supreme Court of Washington in the case of Morrill v. Title Guaranty & Surety Co., 162 Pac. 360, 163 Pac. 733, which construes a statute very similar to ours, and holds the statutory damages exclusive. However, we do not find it necessary to pass on that particular question in the case at bar."

Plaintiff also relies on the following rule announced in vol. 1, Corpus Juris, p. 993:

"Under penal statutes which authorize a recovery of the penalty by the injured party, the question frequently arises as to whether this remedy is exclusive, or whether the injured party may maintain an action for damages. The general rule is that if the act which is made the subject of the penalty is independently of the statute an actionable wrong, the right to sue for the penalty is merely cumulative and does not preclude an action for damages; but that if the statute creates a new right or duty not existing at common law, and prescribes a penalty for its violation, an action for the penalty is the exclusive remedy of the injured party, unless the statute provides otherwise."

We do not think the rule there announced applicable, as, in our opinion, while the statute in question is penal in its nature, it is not in a strict sense a merely penal statute. It is intended thereby to compensate the mortgagor as well as to penalize the mortgagee for failure to release a mortgage which has been fully paid. It is thereby intended to definitely fix the measure of damages instead of leaving the parties to the uncertainty of the common-law rules relative to the measure of damages. The amount of recovery allowable under the statute to our mind is an indication that it was not intended to allow an additional recovery of actual damages. We therefore hold that the remedy and measure of damages thereby provided is exclusive, and that, in order to recover, it is necessary to plead and prove a compliance therewith.

Plaintiff failed to plead that he accompanied his request for a release with the expenses for recording the release. It appears that the trial court sustained a demurrer to plaintiff's cause of action for this reason. Since we hold that the remedy and measure of damages as provided in section 7642, supra, is exclusive, the demurrer to the second cause of action should be sustained.

Judgment is reversed, and the cause remanded, with directions to sustain the demurrer as to plaintiff's second cause of action, and for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents.