Otis W. WALKER, Plaintiff in Error,

v.

Richard L. DUGGER and Letha Dugger, husband and wife, Defendants in Error.

No. 39479.

Supreme Court of Oklahoma.

April 3, 1962.

Rehearing Denied May 29, 1962.

Mike Foster, Oklahoma City, for plaintiff in error.

John C. Moran, Oklahoma City, for defendants in error.

JACKSON, Justice.

Plaintiff Walker sued defendants Richard L. and Letha Dugger for amounts past due upon a promissory note, and for the foreclosure of a third mortgage upon real estate, securing said note. Defendants filed an answer and cross petition in which they admitted execution of the note and mortgage and alleged that a tender of all amounts due, together with the costs of filing and recording a release of the mortgage, had been made and refused, and asked for a judgment under 46 O.S.1961 § 15, which provides for a penalty of 1% per diem against the holder of a mortgage who refuses to release a mortgage upon proper request. Verdict and judgment were for defendants under their cross petition, and plaintiff appeals.

The evidence showed that there were three mortgages upon the real estate concerned. The first one was to an insurance company. The second mortgage was from a Mr. Van Scoy (a former owner of the premises) to Walker, and secured the payment of a promissory note for $2500.00. The third mortgage secured the payment of a note for $1000.00 from the Duggers to Van Scoy, who had assigned the note and mortgage to Walker. Thus, plaintiff Walker was the holder of both the second and third mortgages, although this suit was on the third mortgage only.

The promissory notes secured by both the second and third mortgages contained the following acceleration clause: "If default be made in the payment of any installment of principal or interest under this note, the

entire principal sum and *accrued* interest shall at once become due and payable without notice at the option of the holder of this note". (Emphasis supplied.)

In March of 1958, defendants were in default upon the monthly payments on the debt secured by the second mortgage, and the full payment under the third mortgage and note was about to become due. At that time defendant Dugger and plaintiff Walker had a conversation in which Walker demanded payment of both notes. Dugger informed Walker that he would make application to the insurance company holding the first mortgage, for a loan, by way of refinancing, in an amount sufficient to pay both the second and third mortgages. Dugger further testified that he did make such application; that he kept Walker advised as to the progress of the loan application. In June of 1958, the loan was approved and Dugger made arrangements to meet Walker at "Mr. Roger Pierce's desk at the Liberty National Bank" to close the transaction. They were met there by Mr. Pierce and Mr. Dunlevy, representing the insurance company.

At that meeting (on June 30, 1958) and again at a meeting of the same men on the next day, defendant Dugger made an offer of payment to Walker which was refused. The offer, made orally, was an offer to pay Walker upon *both* notes and mortgages, and the total amount offered was $3459.18. Taken in the light most favorable to defendants, the evidence was that of this amount, $2394.85 was for amounts due on the second mortgage note, and $1064.33 was for the amount due on the third mortgage note.

Defendants' own testimony was that the first payment on the second mortgage note was due in August, 1957, and that all payments had been made through May, 1958, or 10 payments in all. Payments were made according to a "schedule of direct reduction loan" which defendants introduced in evidence, and the amount remaining due on the second mortgage note after 10 payments, according to the schedule, was

$2404.81. Thus, the amount which defendants tendered to pay the second and third mortgage notes, on June 30th and again on July 1st, was insufficient.

Plaintiff Walker refused the tender, but not for the reasons set out above. He was apparently of the opinion that he was entitled to be paid *all* of the interest (to the maturity date) on the second mortgage note, because of a "side agreement" to that effect with Mr. Van Scoy, which was in evidence, and this in spite of the provisions of the acceleration clause above quoted.

When Walker refused the offer of payment on both notes, Dugger made another offer orally, as follows:

"* * * I will give you the money on the third mortgage, the $1064 and we will continue to pay $30.00 a month as called for in the contract * * *" (on the second mortgage).

This offer was also refused, and thereafter, on July 3rd and July 10th, Dugger wrote letters to Walker and his attorney about the controversy. In both of them he offered to pay both notes, but made no separate offer as to the third mortgage note alone. Filing and recording costs (for the mortgage releases) did not accompany either letter.

The letter of July 3rd may also be construed as a renewal of the offers made orally on June 30th and July 1st. In this connection, it should be noted that the oral offer made at that time with regard to the third mortgage note alone, did not include an offer to pay filing and recording costs.

At the conclusion of the evidence, plaintiff demurred to defendant's evidence, offered in support of their cross-petition, and the demurrer was overruled.

As previously noted, defendants' recovery on their cross-petition in the trial court was under 46 O.S.1961 § 15, which provides as follows:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the

mortgagor his agent or attorney to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request *must be in writing* and describe the mortgage and premises with reasonable certainty and be *accompanied by the expenses of filing and recording* such release." (Emphasis supplied.)

■■ This is a penal statute and must be strictly construed. " 'Strict construction' is that which refuses to extend the law by implications or equitable considerations and confines its operations to cases * * * clearly within the letter of the statute, as well as within its spirit or reason." Bullington v. Lowe, 94 Okl. 234, 221 P. 502, 504.

■ Taking defendants' evidence as true, and disregarding plaintiff's evidence, it is uncontradicted that (1) the oral offer to pay both notes was insufficient in amount; (2) the offer to pay the third mortgage note above did not include filing and recording costs; and (3) the written offers were not accompanied by the expenses of filing and recording.

It should be kept in mind that the question here is *not* whether the various tenders were sufficient to stop the running of interest upon the indebtedness concerned. That question is not before us and we express no opinion thereon. The real question is whether defendants have brought themselves within the provisions of 46 O.S.1961 § 15, quoted above.

We hold that they have not. Under defendants' own evidence, the written requests to release the mortgages were not accompanied by the expenses of filing and recording. While the various tenders may have been sufficient for other purposes,

under the evidence in this case they cannot take the place of the plain requirement of the penal statute, which must be strictly construed.

In their brief, defendants have cited various cases having to do with the question of when, and under what circumstances, tenders are sufficient in law. They do not concern the sufficiency of the evidence to support a forfeiture under 46 O.S.1961 § 15, and are therefore not in point.

There was much evidence in the case, and argument in the briefs, on the question of whether Walker's refusal to accept the oral offers of June 30th and July 1st operated to "waive" the requirement of a valid tender. This evidence was undoubtedly pertinent on the question of how much interest the defendants owed, because a valid tender, or the waiver of a valid tender, could operate to stop the running of interest and the right to attorney fees. Grissom v. Dye, Okl., 269 P.2d 367. However, as noted above, the question here is not merely the validity of the tender, but the sufficiency of the evidence to support defendants' judgment herein, rendered under a penal statute which must be strictly construed, and which requires that the payment or tender of filing and recording costs must accompany the written request to release the mortgage.

■ Where there is no evidence offered *upon which a recovery can be predicated, it is error to overrule a demurrer thereto.* Waken v. Gensman Bros. & Co., 116 Okl. 106, 243 P. 224.

The judgment is reversed and the cause is remanded to the trial court with directions to grant plaintiff a new trial for the purpose of determining the correct amount due plaintiff under the date and mortgage.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.