2003 OK CIV APP 91

William D. NAY and Sylvia J. Nay,
Plaintiffs/Appellants,

v.

FIRST FINANCIAL BANK, FSB El Dorado, Arkansas, Defendant/Appellee.

No. 98,400.

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 16, 2003.

Rehearing Denied June 27, 2003.

Certiorari Denied Oct. 13, 2003.

Frederick K. Slicker, Tulsa, OK, for Plaintiffs/Appellants.

Melvin R. McVay, Jr., Thomas P. Manning, Oklahoma City, OK, for Defendant/Appellee.

## OPINION

CARL B. JONES, Judge:

¶ 1 This case involves Plaintiffs' action to recover statutory damages under 46 O.S.1991 § 15 for Defendant bank's failure to timely file a release of mortgage after the underlying debt was extinguished. Plaintiffs, William D. and Sylvia J. Nay, borrowed $90,000.00 from a local bank in Tulsa and granted a mortgage on their property to secure payment of the note. The note and mortgage were assigned to Defendant, First Financial Bank, F.S.B., El Dorado, Arkansas (Bank). On October 1, 1999, Plaintiffs made their last payment on the loan. Bank received the payment and acknowledged in writing that the loan had been paid in full. On November 29, 1999, more than fifty (50) days after the loan had been paid off, Plaintiffs sent Bank a letter requesting that Bank file a release of the mortgage pursuant to Oklahoma law. On December 6, 1999, Bank mailed Plaintiffs a lien release and an accompanying letter stating it was "mandatory" that Plaintiffs file the release with the county clerk. Plaintiffs did not file the release.

¶ 2 Plaintiffs filed the instant action on June 12, 2000, asserting Bank's failure to file the lien release in accordance with § 15 warranted statutory penalties. Bank filed a lien release with the Tulsa County Clerk, along with the required filing fee of $8.00, four days later. Each side moved for summary judgment and both were denied by the trial court. Following pretrial conference, both parties renewed their summary judgment motions and agreed that all issues in the case presented questions of law. Bank maintained that Plaintiffs' demand letter of November 29, 1999, did not meet the requirements of § 15 and, even if it did, Bank satisfied the statute by mailing a release to Plaintiffs seven days later. Plaintiffs claimed their demand letter was proper and that § 15 required Bank, not Plaintiffs, to file the lien release. Plaintiffs also claimed the release filed by Bank was invalid.

¶ 3 The trial court granted Bank's motion for summary judgment and denied Plaintiffs' motion for summary judgment. Plaintiffs' motion to reconsider was overruled. From these rulings, Plaintiffs appeal. The matter

stands submitted without appellate briefs on the trial court record. *See* Rule 13(h), *Rules for District Courts,* 12 O.S.2001, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App.

¶ 4 Title 46 O.S.1991 § 15(A) provides:

Any mortgage on real estate shall be released by the holder of such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that, the total penalty shall not exceed one hundred percent (100%) of the total principal debt.

The primary issues in this appeal are whether Plaintiffs' demand letter satisfied the requirement of § 15 that such demand "describe the mortgage and premises with reasonable certainty" and, if the demand satisfied that requirement, whether § 15 mandated that Bank, rather than Plaintiffs, file the lien release with the county clerk.

¶ 5 In relevant part, Plaintiffs' demand letter stated, "This letter is my written demand for release of the mortgage recorded in reference to the above identified loan which has been paid in full." The letter specifically referenced the loan number assigned by Bank to Plaintiffs' loan. Bank does not allege it was unable to identify the mortgage or premises referred to in Plaintiffs' letter. Indeed, Bank executed a release and sent it to Plaintiffs within a week of the demand, and admitted during discovery that the loan number identified Plaintiffs' mortgage. Rather, asserting that § 15 must be strictly construed because it is penal in nature, Bank simply urges Plaintiffs' demand letter did not comply with the statute's requirement of a "description" of the mortgage and premises.

¶ 6 While we agree § 15 must be strictly construed, *Walker v. Dugger,* 1962 OK 88, ¶ 13, 371 P.2d 910, 913, we reject Bank's overly narrow interpretation of the statute. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in a statute." *Samson Hydrocarbons Co. v. Oklahoma Tax Comm'n,* 1998 OK 82, ¶ 7, 976 P.2d 532, 535. It is readily apparent the Legislature's intent in enacting the language at issue was to insure mortgage holders are provided sufficient information, via demand letters, to enable them to identify mortgages for purposes of complying with the lien release requirements of § 15. The inclusion of Plaintiffs' loan number in the instant demand letter, along with Mr. Nay's name, provided Bank with all the information it needed to identify Plaintiffs' mortgage and file a lien release.[1]

¶ 7 Contrary to Bank's suggestion, § 15 does not mandate demand letters contain a literal "description" of the mortgage and premises. The phrase "with reasonable certainty" operates to modify the word "describe." We initially note "reasonable certainty" does not mean "absolute certainty."

1. Plaintiffs' summary judgment materials included evidence that Bank consistently and repeatedly used the loan number as a unique identifier for Plaintiffs' mortgage and premises: All communications from Bank used the loan number; Bank asked that the loan number be referenced in all communications to it, including telephonic communications; payment coupons used the loan number; the loan number is included on the promissory note; Bank's acknowledgment of payment referenced the loan number; and the mortgage release filed by Bank prominently displayed the loan number.

*Florafax Int'l, Inc. v. GTE Mkt. Resources, Inc.*, 1997 OK 7, ¶ 42, 933 P.2d 282, 296. Rather, in the context of § 15, the phrase connotes a description or identification sufficient, when inquiry is pursued, to enable the mortgage holder to identify the mortgage to be released and the premises effected thereby. *See Kennedy v. Uhrich,* 1936 OK 453, ¶ 12, 62 P.2d 994, 996–7 (mechanic's lien competent to support foreclosure action if "description [of property] is sufficient, when inquiry is pursued, to enable a person to identify the premises intended to be described with reasonable certainty . . .").

¶ 8 Other Oklahoma decisions have expressed similar sentiments regarding the term "reasonable certainty." In *City of Cherokee v. Tatro,* 1981 OK 127, 636 P.2d 337, the Court explained that zoning ordinances which establish zone district boundaries "are required to do so within reasonable certainty so that the zone districts will have definite boundaries *reasonably capable of being ascertained* . . . ." *Id.* at ¶ 5, 636 P.2d at 339, *quoting Auditorium, Inc. v. Board of Adjustment,* 91 A.2d 528 (Del.1952) (emphasis added). Regarding the legal requirement that future effects of an injury must be demonstrated by "reasonable certainty," the Supreme Court has held "evidence is sufficient if it demonstrates that the damages *could be computed by just and reasonable inference.*" *Bane v. Anderson, Bryant & Co.,* 1989 OK 140, ¶ 29, 786 P.2d 1230, 1236 (emphasis added). And, in *Fernow v. Gubser,* 1945 OK 265, 162 P.2d 535, the Court ruled the description of personal property in a notice of sale on execution "is sufficient if the property is described with reasonable certainty *so as to enable prospective bidders, in the exercise of ordinary diligence, to identify it.*" *Id.* at ¶ 15, 162 P.2d at 538 (emphasis added).

■ ¶ 9 Strict construction of a statute "is that which refuses to extend the law by implications or equitable considerations and confines its operations to cases . . . clearly within the letter of the statute, as well as within its spirit or reason." *Walker,* 1962 OK 88 at ¶ 13, 371 P.2d at 913, *quoting Bullington v. Lowe,* 1923 OK 978, 221 P. 502, 504. Our interpretation of the word "de-

scribe" neither impliedly nor equitably extends § 15. To the contrary, considering the modifying phrase "with reasonable certainty" and the Legislature's intent in enacting § 15, our interpretation squarely fits within the letter and reason of the statute. We hold Plaintiffs' demand letter satisfied the requirements of § 15.

■ ¶ 10 With respect to its second argument, Bank contends it was required to file a release with the county clerk only within the first fifty days after the loan was paid. After that period, Bank urges it was merely required "to provide a release" to Plaintiffs. This argument is patently meritless. The first sentence of § 15 states that the mortgage holder "shall file" the mortgage release with the county clerk. The second sentence describes when a mortgagor may request a release and provides that a mortgage holder has ten days to respond thereto. The third sentence then sets forth the penalty for the mortgage holder's failure to "release the mortgage" after the ten-day period and specifies the penalty per day "each day the release is not recorded." The penalty provisions are triggered only after the ten-day period expires.

■ ¶ 11 Under Bank's theory—a mortgage holder is not required to *file* a release after the initial fifty-day period—the penalty provisions of § 15 would never be invoked. Not only is this argument illogical, but it is also contrary to rules of statutory construction. *See Purcell v. Santa Fe Minerals, Inc.,* 1998 OK 45, ¶ 18, 961 P.2d 188, 193 ("The Legislature is not presumed to perform vain and useless acts when creating law."). Furthermore, statutory provisions are to be construed together, where possible, to give force and effect to each other. *Sharp v. Tulsa County Election Bd.,* 1994 OK 104, ¶ 9, 890 P.2d 836, 840. Title 46 O.S.1991 § 16 states that a mortgage on real property is released "by written instrument, duly signed and acknowledged and recorded in the office of the county clerk as register of deeds." A "release" under § 15 means a written instrument, duly signed and acknowledged *and recorded in the office of the county clerk.*

¶ 12 To the extent Bank relies upon *Pfalzgraf v. Ward,* 1939 OK 541, 98 P.2d 931, for the proposition Bank was not required to *file* a release, we deem such reliance unfounded. The version of § 15 at issue in *Pfalzgraf* did not require mortgage holders to file releases. *See* 46 O.S.1931 § 15. However, § 15 has clearly imposed such a duty since its amendment in 1977. *See* Laws 1977, c. 156, § 2, eff. Oct. 1, 1977. We also reject Bank's argument that Plaintiffs should be estopped from seeking penalties under § 15 because they (1) voiced no complaint after receiving the December 6, 1999, release from Bank and (2) waited six months to file their lawsuit. First, § 15 does not require an aggrieved mortgagor to correspond further with a mortgage holder after he or she has made a written request for a release. The statute simply requires the mortgagor to request the release and then authorizes the mortgagor to seek penalties in a civil action if the release is not filed within ten days. Furthermore, Plaintiffs' petition was filed within the applicable statutory period. 12 O.S. Supp.1996 § 95(4). *See* also *Tucker v. FSB Mortgage of Little Rock,* 1994 OK CIV APP 110, 886 P.2d 498 (mortgagor filed suit six months after making written demand).

¶ 13 Lastly, we address Plaintiffs' contention that the release ultimately filed by Bank was invalid. On its face, the instrument appears to be a valid release in all respects. However, Plaintiffs allege the individual who notarized the release was not a notary on the date of acknowledgment. Bank counters that a scrivener's error resulted in an incorrect acknowledgment date, but that the notary was duly certified as such on the actual date of acknowledgment. Being otherwise properly executed, Bank urges the June 16, 2000, release is valid. We agree with Bank. The release was signed and sealed by an authorized corporate officer and acknowledged by a licensed notary public who attested she personally knew the officer and witnessed his signature. As set forth in Standard 6.2, *Title Examination Standards,* 16 O.S.2001, Ch. 1, App., an incorrect acknowledgment date does not impair marketability. Notwithstanding the erroneous acknowledgment date, Bank's release contained "enough correct data to identify the grant[ ] being released with reasonable certainty." *Title Examination Standard* 24.4. The release is therefore valid under Oklahoma law.

¶ 14 Upon *de novo* review of the instant record, *Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52, we conclude there exists no genuine issue of material fact and hold Plaintiffs are entitled to judgment as a matter of law. *See Shelley v. Kiwash Elec. Co-op., Inc.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. Accordingly, the trial court should have entered judgment for Plaintiffs. We further hold the trial court abused its discretion in overruling Plaintiffs' motion to reconsider. *Bank of Okla., N.A. v. Portis,* 1997 OK CIV APP 32, ¶ 8, 942 P.2d 249, 252. On the basis of the foregoing, the judgment of the trial court is reversed and remanded with instructions to enter judgment for Plaintiffs. Statutory penalties under § 15 shall be computed to June 16, 2000, the date Bank filed its valid release.

¶ 15 REVERSED AND REMANDED WITH INSTRUCTIONS.

HANSEN, J., and MITCHELL, P.J., concur.