2010 OK CIV APP 135

Doyle D. MELSON and Lela M. Melson, Plaintiffs/Appellants,

v.

WACHOVIA BANK, NA OF NORTH CAROLINA as Trustee, FKA First Union National Bank of North Carolina as Trustee; and, Wachovia Bank, NA, a national Banking association, in its individual capacity, Defendants/Appellees.

No. 107,670.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 22, 2010.

John L. Shafer, III, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Robert L. Roark, Oklahoma City, Oklahoma, for Defendants/Appellees.

BAY MITCHELL, Judge.

¶1 Plaintiffs/Appellants Doyle D. Melson and Lela M. Melson (Plaintiffs) filed an action against Appellees Wachovia Bank, NA of North Carolina as Trustee FKA First Union Bank of North Carolina as Trustee, and Wachovia Bank, NA in its individual capacity (collectively Wachovia) seeking damages for Wachovia's failure to release their mortgage pursuant to 46 O.S.2001 § 15. Plaintiffs appeal the trial court's grant of summary judgment in favor of Wachovia finding 46 O.S. § 15 is Plaintiffs' exclusive remedy and based upon the expiration of the one-year statute of limitations. 12 O.S. Supp.2005 § 95(4).

¶2 In May 1997, Plaintiffs executed a mortgage on their residence. The mortgage debt was paid in full in July 2001. Through multiple assignments after the mortgage debt was satisfied, Wachovia became the holder of Plaintiffs' mortgage. In 2006, Plaintiffs attempted to refinance their home. Their agent, Scott Title & Escrow (Scott Title), discovered the original mortgage on their residence had not been released. Scott Title sent requests to Wachovia to file a release of mortgage on August 21, 2006, December 12, 2006 and January 26, 2007. Wachovia repeatedly informed Scott Title they were researching and reviewing the requests. In March 2007, Wachovia represented to Scott Title that it was not the proper entity to provide a release of Plaintiffs' mortgage and directed Scott Title to contact U.S. Bank.

¶3 In May 2008, Plaintiffs' attorney began corresponding with Wachovia and U.S. Bank to obtain a release of Plaintiffs' mortgage. Wachovia sent an *unfiled* Release of Mortgage to Plaintiffs' attorney in May 2008. Plaintiffs refused to file it because the $13 filing fee was not included. Plaintiffs filed this action in September 2008 seeking a declaratory judgment, damages for negligence and for the statutory penalty of 1% of the principal debt per day pursuant to 46 O.S. § 15.[1] In February 2009, Wachovia filed a Release of Mortgage with the Tulsa County

1. Section 15(A) states: "Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that, the total penalty shall not exceed one hundred percent (100%) of the total principal debt." 46 O.S.2001 § 15(A).

Clerk.[2] Wachovia and the Plaintiffs each filed cross motions for summary judgment. Wachovia argued Plaintiffs' claim pursuant to 46 O.S. § 15 was barred by the statute of limitations, and because § 15 is an exclusive remedy, Plaintiffs' other claims were also barred. Plaintiffs claimed the statute of limitations had not expired, but even if it had, Wachovia should be equitably estopped from asserting such defense.

¶ 4 Based upon the undisputed facts, the trial court determined 46 O.S. § 15 is an exclusive remedy, thus Plaintiffs' negligence and declaratory judgment claims were barred. The trial court also determined the one-year limitations period set forth in 12 O.S. Supp.2005 § 95(4) was applicable, the limitations period had expired approximately one year prior to Plaintiffs' filing of this action and Plaintiffs' claims were accordingly barred. The trial court further determined the communications upon which Plaintiffs relied in arguing the equitable estoppel exception to the statute of limitations all occurred after the limitations period expired, and no evidence existed of Plaintiffs' reliance upon Wachovia's conduct to their detriment. The trial court specifically refused to address whether the Release of Mortgage filed by Wachovia was defective, finding that issue moot. The trial court granted summary judgment in favor of Wachovia and denied Plaintiffs' motion for summary judgment.

¶ 5 The appellate standard of review of a trial court's grant of summary judgment is *de novo. Kirkpatrick v. Chrysler Corp.,* 1996 OK 136, 920 P.2d 122. This Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Ross v. City of Shawnee,* 1984 OK 43, ¶ 7, 683 P.2d 535, 536. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.*

¶ 6 The applicability of the statute of limitations to a set of facts necessarily involves the interpretation of that statute. Such is an issue of law which we review *de*

*novo. See Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, 859 P.2d 1081. "[S]ummary judgment on a statute of limitations defense in favor of the asserting party is appropriate where the evidence is sufficient to support a finding of fact of the time-bar and where the evidence establishes there is no dispute as to the time the limitation period began to run or the running of the limitation period." *See MBA Commercial Constr, Inc. v. Roy J. Hannaford Co., Inc.,* 1991 OK 87, ¶ 10, 818 P.2d 469, 472–73.

¶ 7 Title 46 O.S. § 15 is a penal statute that must be strictly construed. *See Walker v. Dugger,* 1962 OK 88, ¶ 13, 371 P.2d 910, 913. Causes of action arising under § 15 for the failure to release a mortgage are subject to the one-year statute of limitations set forth in 12 O.S. Supp.2005 § 95(4). *See Nay v. First Fin. Bank,* 2003 OK CIV APP 91, ¶ 12, 79 P.3d 1124, 1128; *Thaxton v. Beneficial Mortgage Co. of Oklahoma,* 2006 OK CIV APP 101, ¶ 11, 145 P.3d 124, 126. In interpreting § 15, *Thaxton* holds the cause of action therein "accrues 10 days after written demand upon the mortgage holder, which demand cannot be given until the passage of 50 days after full payment." *Thaxton,* ¶ 12, 145 P.3d at 126.

¶ 8 The parties agree Plaintiffs' first request to Wachovia for a release of their mortgage was received by Wachovia on August 29, 2006. Despite the clear holding of *Thaxton,* Plaintiffs contend the statute of limitations does not begin to run pursuant to 46 O.S. § 15 until either the full penalty allowable under the statute has accrued or the mortgage holder files the release of mortgage. Plaintiffs incorrectly assume under the one-year statute of limitations damages could only accrue pursuant to § 15 prior to the filing of a lawsuit, or for one year. Neither the statute, nor the case law interpreting it, supports this position. The 1% daily penalty clearly continues to accrue until either the mortgage holder files the release of mortgage or the maximum penalty has accrued, regardless of whether a lawsuit is

---

2. Plaintiffs argued in their motion for summary judgment the Release of Mortgage filed with the Tulsa County Clerk in February 2009 was not duly executed/signed by Wachovia and therefore ineffective to release the mortgage.

filed on the first day the penalty may be assessed or one year later. 46 O.S. § 15.

¶ 9 Plaintiffs further argue § 15 allows the mortgagor to make multiple requests for release of the mortgage, with each request creating a new cause of action and restarting the limitations period. Plaintiffs again cite only to 46 O.S. § 15 in support of this argument. Nothing in § 15 suggests or implies such an interpretation in order to extend the statute of limitations. Strict construction of § 15 does not support Plaintiffs' interpretation.

¶ 10 The court recognized in *Thaxton*, a cause of action pursuant to § 15 "accrues 10 days after written demand upon the mortgage holder ..." *Thaxton*, ¶ 12, 145 P.3d at 126. As determined by the trial court, Plaintiffs' cause of action pursuant to § 15 came into existence on September 8, 2006 (ten days after their first written demand was received by Wachovia), and the one-year statute of limitations pursuant to 12 O.S. Supp.2005 § 95(4) subsequently expired on September 8, 2007.

¶ 11 Plaintiffs further claim the doctrine of equitable estoppel should apply to preclude Wachovia's statute of limitations defense. Oklahoma law recognizes three situations wherein a party can assert equitable estoppel:

> [T]he defendant ha[s] made (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period, or (b) an express and repeated admission of liability in conjunction with promises of payment, settlement or performance, or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry which induces one to refrain from timely bringing an action.

*Sanchez v. City of Sand Springs*, 1990 OK 26, ¶ 7, 789 P.2d 240, 241 citing *Jarvis v. City of Stillwater*, 1987 OK 5, ¶ 4, 732 P.2d 470, 472–73.

¶ 12 Plaintiffs concede Wachovia made no assurances to Scott Title it would file a release of the mortgage or make any admissions of liability regarding the same.

Instead, Plaintiffs argue Wachovia's representations it would research the matter and that referring Plaintiffs to U.S. Bank for the release constituted false, deceptive or misleading statements. As discussed by the trial court, Plaintiffs offered no evidence they relied on such statements by Wachovia to their detriment. The undisputed facts show Plaintiffs took no action for over one year to effect a release of their mortgage after Wachovia reported it was not the proper entity to provide such release. Furthermore, the majority of the conversations relied upon by Plaintiffs to support equitable estoppel occurred in 2008, well after the statute of limitations had run on their claim. Thus, any reliance upon such statements would be of no consequence.

¶ 13 Finally, Plaintiffs contend the trial court erred as a matter of law when it failed to determine whether the Release of Mortgage filed by Wachovia on February 24, 2009 was defective. The trial court specifically refused to address this issue, finding the issue moot because of its determination that Plaintiffs' claims were barred by the running of the statute of limitations. We agree with the conclusion that because Plaintiffs' claims are barred, such other issues moot. That issue need not be addressed by the trial court, and this Court, in the exercise of its appellate jurisdiction, cannot make first instance determinations of disputed issues of fact or law, which are the province of the trial court. *Bivins v. State ex. rel. Oklahoma Memorial Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456, 464.

¶ 14 The material facts establish conclusively that Plaintiffs' claims pursuant to 46 O.S.2001 § 15 were barred by the one-year statute of limitations. Additionally, 46 O.S. 2001 § 15 is an exclusive remedy; therefore, Plaintiffs' claims for negligence and declaratory judgment are barred. The judgment of the trial court is AFFIRMED.

JOPLIN, P.J., and BELL, V.C.J., concur.